## YOUNG v. THE BANK OF ALEXANDRIA.

─────

ERROR to the circuit court of the district of Coumbia, sitting in Alexandria, in an action of *debt* upon a promissory note, negotiable in the bank of Alexandria, made by *Young* to *Yeaton*, and by him endorsed to the bank.

Suits brought by the bank of Alexandria upon promissory notes, made negotiable in that bank, are entitled to trial at the return term of the writ.

The only question now argued, was whether the court below erred in ruling the plaintiff in error into a tial at the return term of the writ.

The bill of exceptions set forth the *capias ad respondendum* issued by the circuit court of the district of Columbia, on the 10th of November, 1807, returnable " *at the next court*." The defendant below was taken on the 12th of November. The *next court* was holden by law on the 4th Monday of November, 1807.

It further stated, that the counsel for the plaintifs below, having filed his declaration at the return tern, prayed the court to fix a day for the trial of the cause during the present term, and also to rule the defendant to plead at a short day during the tem, and offered to consent that the defendant shold plead the general issue, and under that plea givt in evidence any special matter which he could plad either in bar or abatement; to which the defendnt objected; but the court ruled him to plead the nxt day, and upon the general issue being joined, rued him to trial immediately.

By the general rules of practice established by he circuit court it is ordered, that all process issuing from that court, except executions, be made retunable before the court in term time; and that rules be held in the clerk's office on the day after the rismg of the court in each term, and on the same day in each month thereafter during the vacation; and tat all proceedings and orders taken at the rules shll conform as near as may be to the rules of proceedng directed by an act of the assembly of Virginia, ntitled " An act reducing into one the several æts concerning the establishment, jurisdiction and powrs of district courts," and the several acts amendng the same. By that act, which was passed December 12, 1792, it is ordered, that " one month after he plaintiff hath filed his declaration he may give a rule to plead with the clerk, and if the defendant shall rot plead accordingly at the expiration of such rule, the plaintiff may enter judgment for his debt or damaes and costs." " All rules to declare, plead, reply, rejoin, or for other proceedings, shall be given reguarly from month to month, shall be entered in a book to be kept for that purpose, and shall expire on the succeeding rule day." By the 25th section of hat act, it is provided that in certain cases the shriff may take the engagement of an attorney of the court, endorsed on the writ, that he will appear for th defendant, " and such appearance shall be enteredwith the clerk in the office, *on the first day after th end of the court to which such process is returnable, which*

*is hereby declared to be the appearance day in all pro-*
*cess returnable, to any day of the court next pre-*
*ceding.*"

By the act of congress of 27th of February, 1801,
it is declared that the laws of Virginia, as they then
exised, should be and remain in force in that part
of the district of Columbia which was ceded by
Virginia to the United States.

By the act of congress of the 3d of March, 1801,
§ 3. it is enacted, that the circuit court for the coun-
ty of Alexandria, shall possess and exercise the
same powers and jurisdiction civil and criminal as
was then possessed and exercised by the district
courts of Virginia.

By he act of assembly of Virginia, passed on
the 23d of November, 1792, and which incorporated
the bark, it is ordered, that in suits brought by the
bank, upon notes made negotiable therein, an issue
shall be made up, and trial had at the return term of
the writ.

*Young's,* for the plaintiff in error.

The act of 27th of February, 1801, conferred on
the circuit court for the district of Columbia, no other
powers than those which had been given generally
to the circuit courts of the United States, by the act
passed in the same session, *vol. 5. p.* 237. § 11. and
by that act no such power is given to those courts
in respect to the debts due to the bank.

The 3d section of the act of the 3d of March,
1801, relates to criminal jurisdiction only, or if it
relates to the civil jurisdiction, it is not clear that
the district courts of Virginia could exercise the
power, because those courts were established after
the act incorporating the bank.

When this case was before this court at the last
term, upon the motion to quash the writ of error,

YOUNG
v.
THE BANK,
&c.

this court decided that so much of the chartr as took away the right of appeal from the debtos to the bank, in the courts of Virginia, did not aprly to the courts of the United States; and a distintion was taken between the *rights* which the bank hd as a body corporate and its *remedies* derived from particular provisions in its charter. The summary trial is nothing more than a form of remedy iven by its charter, and cannot be binding upo the courts of the United States. The proviso n the 16th section of the act of the 27th of Febuary, 1801, only saves the *rights*, not the *remedies*, if the corporation.

*Simms* and *Swann*, contra.

The act incorporating the bank of Alexandria is a public act, and obligatory upon all the courts of Virginia. By the act of congress of the 27th of February, 1801, it is adopted, together with ill the other laws of Virginia, as the law within the county of Alexandria; and is therefore as binding upon the circuit court of the district of Columbia, as it was upon the courts of Virginia; but lest any doubt should exist on the subject, the act of congress of the 3d of March, 1801, declares, that the circuit court of that district " *shall* possess and *exercise* the same *powers* and jurisdiction, *civil* and criminal, as is now possessed and exercised by the district courts of Virginia." There has never been a doubt but that the district courts of Virginia had jurisdiction in cases in which the bank was plaintiff, and was bound, if requested, to compel the defendant to go to trial at the return term. The clause in the charter of the bank is an exception to the general law upon the subject of judicial proceedings; but the exception is equally valid with the general rule.

*Jones*, in reply.

The bank has not brought the case within the act. The writ is not returnable until the return day, and the return day is not until after the rising of the

court; so that the bank is not entitled to a trial until the second term after issuing the writ. The writ is returnable to the *next* court; but the officer has the whole term to return it in, and may delay it until the very last moment of the session.

### March 10.

MARSHALL, Ch. J. delivered the opinion of the court to the following effect :

The writ being returnable to the court, is returnable the first day of the court. It was known to the legislature of Virginia that the appearance day for all process was the day after the term. When, therefore, they directed that a trial should be had at the return term, they must have intended that this case should be an exception to the general rule.

Judgment affirmed.

