9 U.S. 45
 5 Cranch 45
 3 L.Ed. 32
 YOUNG
v.
THE BANK OF ALEXANDRIA.
 February Term, 1809
 
 1
 ERROR to the circuit court of the district of Coumbia, sitting in Alexandria, in an action of debt upon a promissory note, negotiable in the bank of Alexandria, made by Young to Yeaton, and by him encorsed to the bank.
 
 
 2
 The only question now argued, was whether the court below erred in ruling the plaintiff in error into a trial at the return term of the writ.
 
 
 3
 The bill of exceptions set forth the capias ad respondendum issued by the circuit court of the district of Columbia, on the 10th of November, 1807, returnable 'at the next court.' The defendant below was taken on the 12th of November. The next court was holden by law on the 4th Monday of November, 1807.
 
 
 4
 It further stated, that the counsel for the plaintiffs below, having filed his declaration at the return term, prayed the court to fix a day for the trial of the cause during the present term, and also to rule the defendant to plead at a short day during the term, and offered to consent that the defendant should plead the general issue, and under that plea give in evidence any special matter which he could plead either in bar or abatement; to which the defendant objected; but the court ruled him to plead the next day, and upon the general issue being joined, ruled him to trial immediately.
 
 
 5
 By the general rules of practice established by he circuit court it is ordered, that all process issuing from that court, except executions, be made returnable before the court in term time; and that rules be held in the clerk's office on the day after the rising of the court in each term, and on the same day in each month thereafter during the vacation; and that all proceedings and orders taken at the rules shall conform as near as may be to the rules of proceeding directed by an act of the assembly of Virginia, entitled 'An act reducing into one the several acts concerning the establishment, jurisdiction and powers of district courts,' and the several acts amending the same. By that act, which was passed December 12, 1792, it is ordered, that 'one month after he plaintiff hath filed his declaration he may give a rule to plead with the clerk, and if the defendant shall not plead accordingly at the expiration of such rule, the plaintiff may enter judgment for his debt or damages and costs.' 'All rules to declare, plead, reply, rejoin, or for other proceedings, shall be given regularly from month to month, shall be entered in a book to be kept for that purpose, and shall expire on the succeeding rule day.' By the 25th section of that act, it is provided that in certain cases the sheriff may take the engagement of an attorney of the court, endorsed on the writ, that he will appear for the defendant, 'and such appearance shall be entered with the clerk in the office, on the first day after the end of the court to which such process is returnable, which is hereby declared to be the appearance day in all process returnable to any day of the court next preceding.'
 
 
 6
 By the act of congress of 27th of February, 1801, it is declared that the laws of Virginia, as they then existed, should be and remain in force in that part of the district of Columbia which was ceded by Virguia to the United States.
 
 
 7
 By the act of congress of the 3d of March, 1801, § 3. it is enacted, that the circuit court for the county of Alexandria, shall possess and exercise the same powers and jurisdiction civil and criminal as was then possessed and exercised by the district courts of Virginia.
 
 
 8
 By he act of assembly of Virginia, passed on the 23d of November, 1792, and which incorporated the bank, it is ordered, that in suits brought by the bank, upon notes made negotiable therein, an issue shall be made up, and trial had at the return term of the writ.
 
 
 9
 Toungs, for the plaintiff in error.
 
 
 10
 The act of 27th of February, 1801, conferred on the circuit court for the district of Columbia, no other powers than those which had been given generally to the circuit courts of the United States, by the act passed in the same session, vol. 5. p. 237. § 11, and by that act no such power is given to those courts in respect to the debts due to the bank.
 
 
 11
 The 3d section of the act of the 3d of March, 1801, relates to criminal jurisdiction only, or if it relates to the civil jurisdiction, it is not clear that the district courts of Virginia could exercise the power, because those courts were established after the act incorporating the bank.
 
 
 12
 When this case was before this court at the last term, upon the motion to quash the writ of error, this court decided that so much of the charter as took away the right of appeal from the debtors to the bank, in the courts of Virginia, did not apply to the courts of the United States; and a distination was taken between the rights which the bank had as a body corporate and its remedies derived from particular provisions in its charter. The summary trial is nothing more than a form of remedy iven by its charter, and cannot be binding upon the courts of the United States. The proviso in the 16th section of the act of the 27th of February, 1801, only saves the rights, not the remedies, of the corporation.
 
 
 13
 Simms and Swann, contra.
 
 
 14
 The act incorporating the bank of Alexandria is a public act, and obligatory upon all the courts of Virginia. By the act of congress of the 27th of February, 1801, it is adopted, together with ill the other laws of Virginia, as the law within the county of Alexandria; and is therefore as binding upon the circuit court of the district of Columbia, as it was upon the courts of Virginia; but lest any doubt should exist on the subject, the act of congress of the 3d of March, 1801, declares, that the circuit court of that district 'shall possess and exercise the same powers and jurisdiction, civil and criminal, as is now possessed and exercised by the district courts of Virginia.' There has never been a doubt but that the district courts of Virginia had jurisdiction in cases in which the bank was plaintiff, and was bound, if requested, to compel the defendant to go to trial at the return term. The clause in the charter of the bank is an exception to the general law upon the subject of judicial proceedings; but the exception is equally valid with the general rule.
 
 
 15
 Jones, in reply.
 
 
 16
 The bank has not brought the case within the act. The writ is not returnable until the return day, and the return day is not until after the rising of the court; so that the bank is not entitled to a trial until the second term after issuing the writ. The writ is returnable to the next court; but the officer has the whole term to return it in, and may delay it until the very last moment of the session.
 
 March 10.
 
 17
 MARSHALL, Ch. J. delivered the opinion of the court to the following effect:
 
 
 18
 The writ being returnable to the court, is returnable the first day of the court. It was known to the legislature of Virginia that the appearance day for all process was the day after the term. When, therefore, they directed that a trial should be had at the return term, they must have intended that this case should be an exception to the general rule.
 
 
 19
 Judgment affirmed.